IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | |
|---|---|
| JACOBI LAMONT WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV947 |
| v. ) | 1:06CR28-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Jacobi Lamont Williams, a federal prisoner, brings a Motion [Doc. #22][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty in this Court to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), with enhanced penalties in light of an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851. Petitioner was determined to be a career offender under the United States Sentencing Guidelines ("USSG") and was sentenced to 262 months imprisonment. In Petitioner's present Motion, he raises a single claim, asserting that his sentence in this Court is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for one of the predicate felonies supporting the career offender enhancement. The Government filed a Motion to Dismiss [Doc. #31], raising the

---

[1] This and all further cites to the record are to the criminal case.

statute of limitations, and further contending that even if Petitioner's claim is considered on the merits, it should be denied because Petitioner remains a career offender under Simmons.

Under Guideline § 4B1.1, a defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has at least two prior "felony convictions" for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). To be a "felony" under that provision, a crime must be punishable by a term of imprisonment "exceeding one year." USSG § 4B1.2. In the present case, Petitioner was determined to have two predicate felony convictions: a conviction on April 4, 2002, in North Carolina, for sell/deliver cocaine and a second drug conviction from Pennsylvania for which he actually received more than a year in prison. In the present § 2255 Motion, Petitioner contends that the 2002 North Carolina conviction is not a felony offense in light of Simmons.[2]

In Simmons, the Fourth Circuit addressed the method for determining whether a prior conviction is considered a "felony" conviction punishable by a term in excess of one year. Simmons, 649 F.3d at 243-245. The decision in Simmons dealt directly with prior convictions under North Carolina's Structured Sentencing Act, which sets out ranges of possible minimum sentences for all classes of felonies. See N.C. Gen. Stat. § 15A-1340.17. The table is organized by offense class and criminal history category, further divided into mitigated, presumptive, and aggravated ranges. The minimum sentences set out in that table correspond to maximum

---

[2] Petitioner does not challenge the use of the Pennsylvania conviction as a predicate offense. The 2002 North Carolina conviction was also the predicate felony listed in the Information of Prior Conviction under 21 U.S.C. § 851.

2

sentences set out in a second table.  Under Simmons, a crime is "punishable" by the highest sentence that could have been given to a defendant convicted for the same class of felony who had the same criminal history as the Petitioner, sentenced in the presumptive range unless a finding was made to apply the aggravated range.  Simmons, 649 F.3d at 243-245.

Here, Petitioner's 2002 North Carolina conviction for sell/deliver cocaine was a Class G felony and Petitioner had a criminal history level of I.  (Motion to Dismiss [Doc. #31] Ex. A.)  Using the table in § 15A-1340.17 in effect at the time of Petitioner's conviction, the possible minimum sentences ranged from 10 to 13 months.  The corresponding maximum sentences ranged from 12 to 16 months.  Therefore, a defendant in Petitioner's position could have been given up to 16 months of imprisonment.  Under Simmons, Petitioner faced more than a year in prison and his predicate offense remains a felony.  Therefore, Petitioner is still properly classified as a career offender, even after Simmons.  Respondent's Motion to Dismiss should be granted and Petitioner's § 2255 Motion should be dismissed.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #31] be granted, that Petitioner's Motion [Doc. #22] to vacate, set aside or correct sentence be denied, and that this action be dismissed.

This, the 1st day of July, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge